

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00082-CR

---

ALEJANDRO LONGORIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 4678, Honorable Cornell Curtis, Presiding

---

August 11, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Alejandro Longoria appeals from the judgment of the trial court revoking his community supervision and imposing a previously suspended ten-year sentence for aggravated assault causing serious bodily injury.[1]  He brings two issues on appeal.  We affirm.

---

[1]*See* TEX. PENAL CODE § 22.02(a)(1).

**BACKGROUND**

A November 2025 information charged Appellant with aggravated assault causing serious bodily injury to Benjamin Romero. Appellant pleaded guilty. The trial court assessed ten years of confinement, suspended the sentence, and placed Appellant on community supervision for ten years. The conditions of supervision required, among other things, that Appellant not initiate any communication with the victim, that he not go within 200 feet of the victim, that he not consume alcohol, and that he pay a fine, court costs, restitution, and monthly supervision fees.

In January 2026, the State moved to revoke, alleging two violations. Paragraph 1 alleged that Appellant failed to pay the required fines and fees. Paragraph 2 alleged that on January 5, 2026, Appellant went within 200 feet of Romero. Appellant pleaded not true to both. The alleged violations occurred less than sixty days after the trial court imposed the conditions.

At the revocation hearing, Romero testified that Appellant entered a convenience store, grabbed a six-pack of beer, spoke to him, and then, as Romero moved toward the door, reached up and grabbed him by the neck. Romero testified that he froze, because Appellant had previously struck him in the neck with a machete, and that he called 911. The State offered surveillance video from the store, which the trial court admitted without objection and viewed. At defense counsel's request, the court also viewed the remainder of the recording, which shows the two men remaining inside the store for roughly two minutes after the contact.

2

Appellant's supervision officer testified that Appellant had made no payment toward his court-ordered obligations and was delinquent in an amount of $225.90. He also testified that three weeks earlier he had instructed Appellant on what to do if he encountered Romero: return to his vehicle and wait until Romero left.

Appellant testified on his own behalf. He said he did not know Romero was in the store when he walked in and recognized him only when he heard his voice. Appellant denied grabbing Romero's throat but testified that he placed his hand on Romero's chest. He agreed that he should have walked out of the store instead. On his finances, Appellant testified that he receives $840 per month in disability income, that he can barely pay his rent, and that he has serious medical conditions, including colon cancer and a pacemaker. He also testified that he paid $11 for the beer, and that consuming alcohol violated his supervision.

The trial court found that Appellant was delinquent in the amount of $225.90 and stated that "at least $11 of that could have been paid instead of purchasing alcohol." The court separately found that Appellant went within 200 feet of Romero on January 5, 2026. The court revoked supervision and imposed the ten-year sentence. This appeal followed.

**ANALYSIS**

Sufficiency of the Evidence

Appellant's first issue challenges the sufficiency of the evidence supporting the finding that he went within 200 feet of Romero. We review a trial court's revocation order for abused discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). A trial court abuses its discretion when its decision lies outside the zone of reasonable

3

disagreement, is arbitrary or unreasonable, or ignores guiding rules or principles. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). The State need prove a violation by a preponderance of the evidence. *Hacker*, 389 S.W.3d at 864–65. A trial court may revoke if the State establishes a single violation of the terms of community supervision. *Dansby v. State*, 398 S.W.3d 233, 241 (Tex. Crim. App. 2013).

We find the evidence to be sufficient to support the trial court's order. Video footage shows Appellant speaking to Romero inside the store and then placing his hand on Romero's neck as Romero moved to leave. Romero also testified to these matters. Appellant acknowledges contact with Romero, placing his hand on Romero's chest, and admits he should have walked out instead. His supervision officer testified that Appellant had been told three weeks earlier to return to his vehicle if he encountered Romero in a store, that Appellant appeared to understand, and that no language barrier existed.

Appellant's statements that he did not know Romero was in the store and that the exchange was mutual were before the trial court; neither compels a different result. Whatever the trial court made of how the encounter began, the evidence permitted a finding that Appellant did not leave. He spoke to Romero and then touched him. It is the role of the trial court to resolve potential conflicts in the evidence. *Story v. State*, 614 S.W.2d 162, 164 (Tex. Crim. App. 1981). The evidence supports the trial court's finding that Appellant went within 200 feet of Romero. We overrule Appellant's first issue.

Appellant's Remaining Issue

Appellant's second issue contends that revoking supervision for nonpayment violated due process because the record shows an inability to pay rather than a refusal.

4

We need not reach this question.  A single proven violation supports a revocation; we have upheld the trial court's finding that Appellant went within 200 feet of Romero.  *See* *Dansby*, 398 S.W.3d at 241.  Because resolving the financial allegation could not change the disposition, we decline to address it.  *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Appellant's first issue is dispositive.  Having overruled it, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.